**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4688**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN LAMONT MCCLAIN, a/k/a Gucci,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:16-cr-00016-FPS-JES-1)

Submitted: August 25, 2017                    Decided: August 31, 2017

Before WILKINSON, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elgine Heceta McArdle, McARDLE LAW OFFICES, Wheeling, West Virginia, for Appellant. Betsy Steinfeld Jividen, Acting United States Attorney, Randolph J. Bernard, David J. Perri, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Lamont McClain pled guilty, without the benefit of a plea agreement, to conspiracy to distribute heroin and fentanyl (Count 1), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012), distribution of heroin and fentanyl within 1000 feet of a protected location (Count 6), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and distribution of heroin and fentanyl (Count 7), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (collectively, "2016 Convictions"). The district court imposed concurrent sentences of 95 months' imprisonment and ordered that such sentence run consecutively to the sentence imposed on a 2014 federal drug conviction ("2014 Conviction"). On appeal, McClain argues that: (1) the imposition of a consecutive sentence violated the Double Jeopardy Clause, as the sentencing court, when crafting the sentence for the 2014 Conviction, took into account some of the conduct at issue in Count 6 of the 2016 Convictions; and (2) the district court erred in failing to account for 18 U.S.C. § 3584 (2012), and U.S. Sentencing Guidelines Manual § 5G1.3 (2015), when imposing the sentence on the 2016 Convictions to be consecutive to the sentence imposed on the 2014 Conviction. We affirm.

McClain's first argument—that consideration of the conduct in Count 6 during sentencing for the 2014 Conviction and a subsequent conviction in 2016 based on that same conduct constitutes a double jeopardy violation—is squarely foreclosed by Supreme Court precedent. *See Witte v. United States*, 515 U.S. 389, 399 (1995) (holding "that use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that

2

conduct within the meaning of the Double Jeopardy Clause"). McClain has not offered any reasoned distinction between his case and *Witte,* and, consequently, his convictions and sentence do not implicate the Double Jeopardy Clause.

As to McClain's second argument on appeal, "we review a district court's decision to order consecutive or concurrent sentences for abuse of discretion . . . [but] review *de novo* whether the district court properly applied the relevant sentencing guideline to the defendant." *United States v. Puckett*, 61 F.3d 1092, 1097 (4th Cir. 1995). Multiple sentences "may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt." 18 U.S.C. § 3584(a). The statute mandates that "[t]he [district] court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3584(b).

The Guidelines provide that:

If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

3

USSG § 5G1.3(b). The Guidelines also state that, "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(d), p.s.; *See United States v. Rouse*, 362 F.3d 256, 262 (4th Cir. 2004) (discussing § 5G1.3(b)'s purpose and stating that "the provision applies—*i.e.*, that a prior offense has been fully taken into account in the determination of the offense level for the instant offense—at least when conduct underlying a prior conviction is considered as relevant conduct" (internal quotation marks omitted)).

Here, the 2014 Conviction stemmed from McClain's conduct on January 20, 2013, when officers arrested McClain for possession of heroin, which he admitted he intended to sell. At the sentencing on the 2014 Conviction, the district court noted, among other factors, that McClain had continued to traffic in heroin, cited his subsequent arrest on Count 6 (of the 2016 charges) as evidence for that assertion, and concluded that confining him would end his drug activities. Thus, the district court considered the conduct at the center of Count 6 of McClain's 2016 Convictions when imposing the sentence for the 2014 Conviction.

However, as counsel conceded during sentencing for the 2016 Convictions, the conduct underlying Count 6 was not "relevant conduct" for the 2014 Conviction. *See* USSG §§ 1B1.3, 3D1.2(d). Furthermore, the court in the 2014 Conviction did not treat the Count 6 conduct as if it had been a part of the offense of the 2014 Conviction  The

4

district court merely considered the conduct in Count 6 as to a relevant § 3553(a) factor, namely, the need to protect the public.

Similarly, McClain's conduct underlying the 2014 Conviction did not qualify as relevant conduct for his 2016 Convictions. The earlier conduct did not occur during the course of the criminal conspiracy charged in Count 1, and the district court did not account for the earlier conduct when determining the amount of heroin attributable to McClain at the 2016 sentencing. Nor are the crimes sufficiently connected in other ways to qualify as closely related conduct. *See United States v. McVey*, 752 F.3d 606, 610 (4th Cir. 2014) (setting forth factors courts should consider); *see also United States v. Wall*, 180 F.3d 641, 646 (5th Cir. 1999). ("In short, the two sets of offenses do not share many similarities other than that they both involved [heroin]."). We therefore conclude the conduct relating to McClain's 2014 Conviction does not qualify as "relevant conduct" for the 2016 Convictions and that § 5G1.3(b)(2) does not apply. *See Rouse*, 362 F.3d at 263.

Because USSG § 5G1.3(b) does not apply, the Guidelines provide that the district court may impose consecutive sentences "to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(d), p.s.; *see* USSG § 5G1.3, cmt. n.4(A) (outlining factors courts examine in fashioning sentence). Here, the district court considered several § 3553(a) factors with regard to the 2016 Convictions and considered all of the circumstances of McClain's federal sentence for his 2014 conviction. Thus, we conclude that the court adequately complied with the requirements of USSG § 5G1.3(d).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*